IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL AARON JAYNE,

    Plaintiff,                       No. CIV S-08-0764 GEB EFB P

    vs.

FEDERAL BUREAU OF
INVESTIGATION, et al.

    Defendants.               ORDER

         Plaintiff is a pretrial detainee in the Shasta County Jail. He has filed a form petition for a writ of habeas corpus in which he challenges the conditions of his confinement. The court construes this document as a complaint in which he sues for alleged civil rights violations. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 389, 397 (1971); *see also* 42 U.S.C. § 1983. He seeks leave to proceed *in forma pauperis*. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

         Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

         Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff must pay the $350 filing fee. *See* 28 U.S.C. § 1914(a). Plaintiff must make monthly payments of 20 percent of the preceding month's income credited to his trust account. 28 U.S.C. § 1915(b)(2). The agency having custody of plaintiff shall forward payments from plaintiff's account to the Clerk of the Court each time the

1

amount in the account exceeds $10 until the filing fee is paid.

The court has reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915A and finds it does not state a cognizable claim against any defendant. To proceed, plaintiff must file an amended complaint.

Plaintiff purports to sue the Federal Bureau of Investigations ("FBI") and the United States of America. An individual may bring an action for damages against a person who denies that individual a federally protected rights while acting under color of federal authority. *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 389, 397 (1971). However, neither the FBI nor the United States are "persons" within the meaning of 42 U.S.C. § 1983. Furthermore, the United States and its agencies are immune from suit for constitutional violations. *Vaccaro v. Dobre*, 81 F.3d 854, 857 (9th Cir. 1996). Petitioner simply cannot sue the FBI or the United States for damages on the ground that someone under color of federal (or state) authority violated his federally protected rights.

Furthermore, plaintiff's factual allegations fail to state a claim. He alleges that the Sacramento office of the FBI has failed to investigate a parole agent who works for the California Department of Corrections ("CDCR"). This investigation ought to be undertaken, he alleges, because this agent, Randy Abney, illegally arrested plaintiff. In particular, he asserts that Abney was not his parole officer. Moreover, he alleges that Abney convinced Gary Vargo of the outlaw biker gang to "take a murder contract out on [plaintiff]." Compl., at 5. Plaintiff alleges that he has notified the FBI of these facts, but that federal agents are not providing adequate protection for him. He asserts that an FBI agent met with him at the Shasta County Jail and told plaintiff that he did not care if plaintiff was killed. *Id*. He further alleges that a Shasta County employee "recently contacted Hell's Angels in Canada and purposely aggravated my situation." *Id*. Plaintiff alleges that he is the subject of a "valid murder contract" and that FBI agents know this, but they have refused to place im in the federal witness protection program.

////

The "murder contract" allegedly is between members of the outlaw biker gang, including Vagos N.C. of San Jose, California. Plaintiff further alleges that a member of the Aryan Brotherhood "authorized the hit." When plaintiff informed officials at the Shasta County Jail, they moved him into protective custody, where he still was housed when he filed the complaint. He alleges that he has notified both the FBI and the Department of Alcohol, Tobacco and Firearms ("ATF") of these facts, but they have not come to plaintiff's assistance. Next, plaintiff alleges that officers of the Shasta County Sheriff's Department illegally have wiretapped and recorded his telephone conversations with the lawyers who represent him on state criminal charges he currently is facing. In this regard, he alleges that "Cpt. Vanbugkirk and Lt. Ashmun [illegible] in concert with Rogue Parole Agent Rudy Abney [sic] are involved in a active conspiracy to violate petitioners [sic] civil rights." Compl., at 6.

Plaintiff's allegations implicate several legal theories. Section 1983 of Title 42 of the United States Code creates a cause of action against persons who deprive any individual of a right secured to him by the Constitution or laws of the United States while acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48-49 (1988). *Bivens* creates an analogue for persons suing on the ground that a person acting on behalf of the federal government has violated a right under the United States Constitutional. *Bivens*, 403 U.S. at 389, 397. With these general bases for obtaining relief in mind, the court turns to plaintiff's factual allegations.

Plaintiff seems to allege that his arrest by someone other than his parole officer violated the Fourth Amendment. The claim is not cognizable. The Fourth Amendment prohibits "unreasonable searches and seizures." Without doubt, an arrest is a seizure. However, plaintiff was on parole, and his arrest and return to custody was not on a par with the arrest of an ordinary citizen. *See Sampson v. California*, 547 U.S. 843, 851-52 (2006). In California, a parolee is in the legal custody of the California Department of Corrections and Rehabilitation until the period of parole is complete. Cal. Pen. Code § 3060.5. During this time, a parolee must comply with all the terms and conditions of his parole. Cal. Pen. Code § 3067. Thus, California's parole

1   authority has "full power to suspend or revoke any parole," and "[t]he written order of the parole
2   authority shall be a sufficient warrant for any peace or prison officer" to return a parolee to
3   physical custody. Cal. Pen. Code § 3060. Given the sufficiency of such an order, it does not
4   matter whether the actual parole officer or some other individual acting under the authority of
5   the order in fact apprehends the parolee. The mere allegation that it was a person other than his
6   parole officer who apprehended him does not state a claim for relief.

7   Plaintiff's allegations that county officials have listened to his phone calls with the
8   attorney representing him on pending criminal charges require amendment. It is important to
9   note that electronic surveillance of phone calls can violate the Fourth Amendment, *see Katz v.*
10  *United States*, 389 U.S. 347, 354-55 (1967), and a criminal defendant has the right to counsel's
11  effective assistance. *See Strickland v. Washington*, 466 U.S. 668, 686 (1984). However,
12  plaintiff must name as a defendant the officers or the agency responsible for the surveillance. He
13  fails to do this. Insofar as he alleges that Shasta County is subject to liability for the conduct of
14  its officers, plaintiff must allege an individual with final policymaking authority acted pursuant
15  to an official policy or custom or failed to act based on a policy of inaction amounting to the
16  knowing disregard of plaintiff's rights and that plaintiff was harmed thereby. *Monell v. N.Y.*
17  *Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978); *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th
18  Cir. 1992). Plaintiff makes no such allegations. Thus, he fails to state a cognizable claim for
19  relief.

20  Plaintiff's allegations that the FBI failed adequately to protect him from the risk of harm
21  resulting from a "valid murder contract" also fails to state a claim. In order to state a claim that
22  federal or jail officials have failed to take reasonable measures to protect him from harm as
23  required under the Eighth Amendment, plaintiff must allege that a specific individual was
24  deliberately indifferent to his need for safety. *See Wilson v. Seiter*, 501 U.S. 294, 302-03
25  (1991); *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). A prison official is deliberately
26  indifferent when he knows of and disregards a risk of injury or harm that "is not one that today's

4

society chooses to tolerate." *See Helling v. McKinney*, 509 U.S. 25, 35 (1993); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). As noted, plaintiff is in protective custody. The court cannot find that plaintiff's allegations state a claim under this theory.

Thus, to proceed with this action, plaintiff must file an amended complaint. Any amended complaint must show that the federal court has jurisdiction and that plaintiff's action is brought in the right place, that plaintiff is entitled to relief if plaintiff's allegations are true, and must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). If plaintiff wishes to pursue his claim of conspiracy, he must identify the participants and allege their agreement to deprive him of a specific federal constitutional right.

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. *See Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)."); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8. Plaintiff must eliminate from plaintiff's pleading all preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses,

5

summaries, and the like. *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); *see Crawford-El v. Britton*, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases). The court (and defendant) should be able to read and understand plaintiff's pleading within minutes. *McHenry*, 84 F.3d at 1177. A long, rambling pleading, including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury or joining a series of unrelated claims against many defendants very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

A district court must construe pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000). However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the compliant are true (even if doubtful in fact)." *Bell Atlantic Corporation v. Twombly*, ___ U.S. ___, 127 S.Ct. 1995, 1965 (2007) (citations omitted).

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded.

Plaintiff is admonished that by signing an amended complaint he certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. *Booth v. Churner*, 532 U.S. 731, 741 (2001). Plaintiff is further admonished that by signing an

1 amended complaint he certifies his claims are warranted by existing law, including the law that
2 he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of
3 his action.
4     Accordingly, the court hereby orders that:
5     1. Plaintiff's request to proceed *in forma pauperis* is granted.
6     2. Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in
7 accordance with the notice to the Shasta County Sheriff filed concurrently herewith.
8     3. The complaint is dismissed with leave to amend within 30 days.  Plaintiff shall file an
9 original and one copy of the amended complaint, which must bear the docket number assigned to
10 this case and be titled "First Amended Complaint."  Failure to file an amended complaint will
11 result in a recommendation this action be dismissed for failure to state a claim.  If plaintiff files
12 an amended complaint stating a cognizable claim the court will proceed with service of process
13 by the United States Marshal.
14 Dated: May 13, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE