MICHAEL AARON JAYNE
High Desert State Prison
CDC # T-22594
P.O. BOX 3030
Susanville Ca 96127
IN PRO PER

FILED
JUN 02 2008
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL AARON JAYNE
Plaintiff

VS.

SHASTA COUNTY SHERIFF TOM BOSENKO, SHASTA COUNTY SHERIFF CAPTAIN DON VAN BUSKIRK, SHASTA COUNTY SHERIFF LIEUTENANT SHEILA ASHMUN, SHASTA COUNTY SHERIFF CORRECTIONAL SEARGENT R. MEEK, SHASTA COUNTY SHERIFF DEPUTY RANDY JOINER, SHASTA COUNTY SHERIFF CORRECTIONAL OFFICER JASON PENLAND, SHASTA COUNTY SHERIFF CORRECTIONAL OFFICER STEVEN HEYDE, SHASTA COUNTY SHERIFF CORRECTIONAL SEARGENT MITCHELL, SHASTA COUNTY SHERIFF CORRECTIONAL OFFICER STEVEN MILLER, SHASTA COUNTY SHERIFFS DEPUTY JOHN ROBERT ZUFALL, SHASTA COUNTY SHERIFF CORRECTIONAL OFFICER BRIAN WALKER, CALIFORNIA DEPT OF CORR & REHAB PAROLE AGENT RANDY ABNEY, CALIFORNIA DEPT OF CORR & REHAB OFFICE OF INTERNAL AFFAIRS, CALIFORNIA OFFICE OF INSPECTOR GENERAL, SHASTA COUNTY DISTRICT ATTORNEY GERALD BENITO, SHASTA COUNTY DEPUTY DISTRICT ATTORNEY ERIC DARNELL ANDERSON, SPECIAL AGENT IN CHARGE "JOHN DOE" OF THE SACRAMENTO FEDERAL BUREAU OF INVESTIGATION, SPECIAL AGENT IN CHARGE "JOHN DOE 2" OF THE DUBLIN ALCOHOL TABACCO & FIREARMS OFFICE, CALIFORNIA D.O.J B.N.E AGENT JOHN HAULIN, CALIFORNIA D.O.J B.N.E AGENT JEFF SMITH, CALIFORNIA DEPUTY ATTORNEY GENERAL APRIL H. GAPLING, SHANDA LYN KESSLER, BONNIE JENNINGS, CORY JENNINGS,
Defendants.

NO. CIV S-08-0764 GEB EFB P

FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

42 U.S.C 1983

AO 72
(Rev. 8/82)

## JURISDICTION

1. Jurisdiction is proper under 28 U.S.C § 1331.

## VENUE

2. VENUE is proper in this court as all allegations and claims submitted, occured and arised in shasta County, California.

## PARTIES

3. At all times mentioned in this complaint Tom Bosento was the sheriff for shasta County, and is responsible for the actions of his subordinates From September of 2007 Through May of 2008;

4. At all times mentioned in this complaint Dan Van buskirk was custodial Captain at the shasta county Jail and is responsible for the conduct listed in this complaint from September of 2007 Through May of 2008 further he is employed by the shasta County sheriff;

5. At all times mentioned in This complaint Sheila Ashmun was custodial Lietenant at the shasta county Jail and is responsible for the conduct listed in This complaint from Sept of 2007 Through may of 2008, further She is employed by The shasta county sheriff;

6. At all times mentioned in this complaint R. Meek was custodial Seargent at The shasta County Jail and is responsible for the conduct listed in This complaint from Sept of 2007 Through May of 2008, further she is employed by the shasta county sheriff;

7. At all times mentioned in this complaint Randy Joiner was a Deputy sheriff and assigned at the shasta co Jail and is responsible for the conduct listed in this complaint from sept of 2007 through may of 2008. further he is employed by the shasta co sheriff;

8. At all times mentioned in this complaint Jason Penland was a correctional officer at the shasta co Jail and is responsible for the conduct listed in this complaint from sept of 2007 through may of 2008. further he is employed by the shasta co sheriff;

9. At all times mentioned in this complaint steven Heyde was a correctional officer at the shasta co Jail and is responsible for the conduct listed in this complaint from sept of 2007 through may of 2008, further he is employed by the shasta co sheriff;

10. At all times mentioned in this complaint Mitchell was a correctional sergeant at the shasta co Jail and is responsible for the conduct listed in this complaint from sept of 2007 through may of 2008. further he is employed by the shasta co sheriff;

11. At all times mentioned in this complaint Steven Miller was a correctional officer at the shasta co Jail and is responsible for the conduct listed in this complaint from sept of 2007 through May of 2008, further he is employed by the shasta co sheriff;

AO 72
(Rev. 8/82)

12. At all times mentioned in This complaint John Robert Zufall was a Deputy sheriff assigned at the shasta co Jail and is responsible for The conduct listed in This complaint from sept of 2007 Through may of 2008, further he is employed by The shasta co sheriff;

13. At all times mentioned in This complaint Brian walker was a correctional officer at the shasta Co Jail and is responsible for the conduct listed in This complaint from sept of 2007 Through may of 2008, further he is employed by the shasta co sheriff;

14. At all times mentioned in This complaint Randy Abney was a Parole Agent for the California Dept of corrections and Rehabilitation and is assigned to Redding Parole unit I. He is responsible for the conduct listed in This complaint from sept of 2007 Through may of 2008;

15. At All times mentioned in This complaint the California Dept of corrections and Rehabilitation's office of Internal Affairs in Sacramento is responsible for The Investigating of misconduct and failure to Investigate conduct by Parole Agent Randy Abney from sept of 2007 Through May of 2008;

16. At All times mentioned in This complaint The California office of Inspector General is responsible for Investigating of misconduct and failure to Investigate

AO 72
(Rev. 8/82)

Illegal conduct and stop illegal conduct by CDCR Parole Agent Randy Abney from sept 2007 Through may of 2008;

17. At all times mentioned in This complaint Gerald Benito was the District Attorney for The county of shasta and is responsible for The conduct listed in This complaint, including responsible for the conduct of his subordinates Eric Darnell Anderson Deputy District Attorney Assigned to Prosecute Plaintiff; from sept of 2007 through may of

18. At all times mentioned in This Complaint Eric Darnell Anderson was The Deputy District Attorney assigned to Prosecute the Plaintiff additionally he is responsible for The conduct listed in This complaint, including The conduct of Investigating officers ie; shasta county sheriff Lt. Ashmun, c/o walker, c/o Penland, Parole Agent Abney, sheriff Bosento, special Agent Jeff smith, special Agent John Thulin and The conduct of Shanda Kessler and Cory Jennings from sept of 2007 through may of 2008;

19. At all times mentioned in This complaint "John Doe" was The special Agent in charge of The Sacramento Federal Bureau of Investigation office, further he is responsible for protecting united states citizens, including The Plaintiff from being victim to civil rights criminal violations, additionally he is responsible for failing to act when notified of ~~[illegible]~~ many valid Danger

and threats of life and liberty by members of outlaw biker Gang Vagos M.C and Mongols M.C. further these threats where directed towards plaintiff and his family members which are still in Danger, John Doe will be named during discovery, those acts and conduct listed in This complaint occured from Dec of 2007 Through may of 2008;

20. At all times mentioned in This complaint "John Doe 2" was the special Agent in charge of the Dublin, California Bureau of Alcohol Tabacco and firearms office, further he is responsible for protecting U.S citizens, including The Plaintiff from being victim to having a documented murder contract by outlaw Biker Gang members of the Vagos M.C and Mongols M.C. John Doe 2 is responsible for failing to act, investigate and protect after Plaintiff notified him of the valid Danger and threats of life and liberty directed towards Plaintiff and is family members who are still in Danger. John Doe 2 will be named during discovery, These acts and conduct listed in This complaint occured from Dec of 2007 Through may of 2008;

21. At all times mentioned in This complaint John Thulin was a Supervisor Special Agent for the California Dept of Justice Bureau of Narcotics Enforcement in the Redding field office. He is responsible for the

conduct listed in This complaint from sept of 2007 Through may of 2008;

22. At all times mentioned in This complaint Jeff Smith was a supervisor special Agent for The California Dept of Justice Bureau of Narcotics Enforcement in The Redding field office. He is responsible for the Conduct listed in This Complaint from Dec of 2007 Through may of 2008;

23. At all times mentioned in This complaint April H. Gatling was a Deputy Attorney General for The state of California. She is responsible for The conduct listed in This complaint on may of 2008;

24. At all times mentioned in This complaint Shanda Lyn Kessler is responsible for the conduct and depriving Plaintiffs listed constitutional rights in This complaint from march of 2007 Through may of 2008;

25. At all times mentioned in This complaint Bonnie Jennings is responsible for the conduct and depriving Plaintiffs listed constitutional rights in This complaint from Jan of 2008 to may of 2008;

26. At all times mentioned in This complaint Cory Jennings is responsible for The conduct and depriving Plaintiffs listed constitutional rights in This complaint from Jan of 2008 to may of 2008;

AO 72
(Rev. 8/82)

27. At all times mentioned in this complaint each individual is sued in there official and Individual capacities

28. At all times mentioned in this complaint each individual acted under color of state and federal law;

29. At all times mentioned in this complaint each individual acted with deliberate indifference to Michael Jaynes federally protected rights under the 4th, 5th, 6th, 8th and 14th Amendments of the united states constitution;

30. At all times mentioned in this complaint each individual Defendant acted with malicious, callous and complete wanton disregard for Plaintiffs constitutional rights;

FACTS

31. On or about march 18, 2007 Shanda Kessler made a report to Anderson Police Dept that Plaintiff had held her against her will in her apartment march 13, 2007 and had vandalized a vehicle and followed her and her friends arounds on the night of March 11, 2007. Based on this information a referal for prosecution was made to the District Attorney. On or about march 21, 2007 CDCR Parole Agent Randy Abney went to Shanda Kesslers house and claimed to have overheard Plaintiff threatening a third party Kittrell Wyrick, as Mr. Wyrick was on his

cel phone. Parole Agent Abney was 5 feet away and claimed to have recognized plaintiffs voice, even though he has had only 2 contacts with plaintiff. Ms. Kessler at this time gave Parole Agent Abney who has never been plaintiff parole Agent and was ordered to have no contact with plaintiff previous to this alledged incident, a recorded video clip of the back of an individual shooting an assault rifle. Ms. Kessler lies and claims to Parole Agent Abney that this individual is the plaintiff, even though all you see is the back of someone's shirt. Parole Agent Abney then authors a false investigative report, refers this report to the District Attorney saying that Ms. Kessler told him that the plaintiff called her up, impersonated an officer, threatened to kill Kittrell wyrick syndicated Mongol M.C biker and further writes that the video produced is the plaintiff and he recognizes him. At the end of this highly false fabricated report he states that Ms. Kessler called him and stated that Mr. wyricks sister was moved to a unknown location and he additionally indicated he was told by a Ms. Amanda Mason that the plaintiff would not be taking a live. Ms. Kessler testified in the plaintiff criminal Preliminary hearing that she never told Parole Agent Abney that the plaintiff called her and impersonated an officer and also testified that the plaintiff did not call Kittrell

wyrick The outlaw biker. The Plaintiff was arraigned on Criminal Threats against shanda Kessler, kittrell wyrick, dissuading a witness, possesion of assault weapon, firearm by ex-felon, possesion of ammunition, false imprisonment, Harassing phone calls, vandalism on or about sept of 2007. The Plaintiff arrived in the shasta county Jail on sept 11, 2007; ~~on or about~~

32. On or about september 30, 2007 shasta co correctional officer Brian walker said Parole agent Randy Abney called up the Jail and 2C which is The Parolee/violent Pod is the good place to keep Plaintiff, he told This to the Plaintiff in booking at night. Further he said to the Plaintiff he will be targeted in Shasta co Jails 2C pod, because of Parole Agent Randy Abney;

33. On or about october 11, 2007 Plaintiff was housed in disciplinary Ad-seg for a administrative write up in The Shasta co Jail;

34 On or about october 20, 2007 Plaintiff was punished and housed in a safety Isolation cell and forced to take off his shoes and socks, including not having a mattress or blanket for 12 Hours, This occured by c/o steven miller, c/o steven Heyde, sgt. mitchell, c/o walker, Lt. Ashmun, they all forced Plaintiff to This safety cell for making disrespectful comments or alledgedly making noise in The Jail Pod;

AO 72
(Rev 8/82)

35. on or about october 2007 through may of 2008 cpt. vanbuskirk, Lt. Ashmun, C/O Heple, C/O miller, Deputy Zufall, Sgt mitchell, C/O walker, sgt meek all personally forced Plaintiff into the safety cell with no water to drink, no mattress, no blanket, no shoes, no socks. as a form of punishment over 20 times for various non-violent disturbances within his already Secured Ad.seg cell;

36. on or about october 2007 through may of 2008 cpt. vanbuskirk, sheriff Tom Bosenko, Lt. Ashmun ordered to cancel and suspend Plaintiff visitation rights permanently with his family and ordered he be confined 24 HRS lockdown 1 day then 30 minutes out the next day and 24 HRS lockdown the day after 24/7 permanently - Depriving Plaintiff of his access to the phone to call his attorney, Plaintiff put in numerous request for specific times all denied by the above Defendants;

37. On or about 12-23-07 Deputy Zufall told plaintiff after coming back from a 1 time visit with his wife, he asked Plaintiff "when is your daughter Coming to Prison" then steven miller said "your Daughter must take after her Dad, since Plaintiff had tears in his eyes upon leaving the visit;

38. on or about 12-11-07 The Plaintiff was housed in Protective custody due to Kittrell wyrick

AO 72
(Rev 8/82)

and outlaw biker Gang members from San Jose telling inmate Brian Meirers That There is a murder contract on Plaintiff for 5,000.00 for The false report Parole Agent Randy Abney authored regarding statements Kettrell Wyrick President of Redding Mongols said to him, Mr. Wyrick never spoke to Parole Agent Abney;

39. B.N.E Agent John Thulin met with Plaintiff on or about 12-20-07 with B.N.E Agent Jeff Smith. They did not read Plaintiff his Miranda rights, they lied to Plaintiff telling him They would help him get his criminal charges dismissed and said They would investigate and Protect Plaintiffs wife and child: Plaintiff discussed at length his criminal case and other criminal acts, with him believing These agents were helping and going to Protect him & his family from the outlaw bikers Vagos M.C and Mongols M.C.

40. on or about January 1, 2008 Deputy District Attorney Eric Anderson and Gerald Benito told B.N.E Agent Smith and Thulin to not protect The Plaintiffs family and to stop investigating. Based on Parole Agent Randy Abney claiming Plaintiff Threatened his family;

41. on or about January 4, 2008 The Plaintiff called B.N.E Agent Jeff Smith and asked if he would help protect his wife & child and himself Jeff Smith said he doesn't care if Plaintiff gets

Killed, it is his fault and he doesn't care about Plaintiffs wife. He stated This to The Plaintiff over The Jails inmate phone system. Jeff Jeff smith stated That Plaintiff shouldn't have Threatened a Parole Agent Toney;

42. on or about January 20, 2008 Plaintiff wrote letters to The special Agent in charge of The Sacramento F.B.I office saying he believes his wife is in Danger and also shasta county sheriff and california B.N.E agents are refusing to Protect and Keep Plaintiff's wife safe, he also stated That a CDCR Parole Agent Keeps violating his civil rights;

43. on or about January 20, 2008 Plaintiff wrote similar letters to The special Agent in charge of The Dublin BATF office regarding The murder contract on him and his family by vagos M.C and mongols M.C outlaw biker Gangs. He said That his wife & family are in Danger.

44. Both The F.B.I special Agent in charge and AT.F special Agent in charge in Dublin have failed to respond or even protect Plaintiff's family on The streets from The outlaw bikers.

45. on or about February, 2008 Plaintiff wrote a letter to California office of Inspector General regarding The continued Harassment and danger Parole Agent Randy Toney is placing Plaintiff in, The Inspector

AO 72 (Rev. 8/82)

General referred the complaint to CDCR office of Internal Affairs, Both agencies refused to investigate and stop Parole Agent Randy Abreys conduct of Harassing Plaintiff, contacting his wife and scaring her;

46. On or about Sept of 2007 through may of 2008 Plaintiff has writen several letters to sheriff Tom Bosenko regarding all the misconduct listed the sheriff refused to stop it;

47. on or about march of 2008 Lt. Sheila Ashmun contacted Canadian Hells Angels regarding the Plaintiff, She was questioning them in a way that was revealing That Plaintiff is or has cooperated with authorities against possibly them or other biker members, putting Plaintiff & family further in Danger;

48. On or about April 5, 2008 Parole Agent Randy Abrey Called Canadian Hells Angels and told Them That Plaintiff has in fact Cooperated with authorities towards outlaw bikers, making the Hells Angels Think That Plaintiff is cooperating against Them, placing him & his family in further Danger;

49. On or about march of 2008 Plaintiff wrote to special Agent in charge John Doe of The Sacramento F.B.I office. John Doe was told about Plaintiffs civil rights being violated, by Parole agent Abrey and also informed by Plaintiff That his wife

and child are in Danger. John Doe failed to respond or Protect Plaintiff and his family;

50. on or about september of 2007 through may of 2008 sheriff Tom Bosenko ordered Plaintiffs confidential Attorney phone calls to be electronically recorded on the Jails computer with his attorney & Public Defender without either Plaintiff or his Attorneys consent;

51. on or about march of 2008 cpt Don Van Buskirk, Lt. sheila Ashmun, sgt. meek, Deputy Joiner, C/O Heyde, C/O penland, sgt. mitchell all listened to recorded priviliged communications with Plaintiff and his attorney regarding his criminal case;

52. on or about march of 2008 a CD of a Recorded attorney phone call was produced to Parole Agent Randy Abney by Deputy Joiner and sgt. meek as well as Lt. Ashmun. on this CD were also calls plaintiff made to his wife;

53. on or about march and April of 2008 Parole Agent Randy Abney listened to privilaged attorney client recorded calls between Plaintiff and his attorney andi campbell;

54. on or about April 1, 2008 C/O Penland found Plaintiff Guilty of a administrative rule violation at the Jail Based on evidence obtained from The illegally Recorded attorney phone call;

55. On or about April 10, 2008 Lt. Ashmun

approved Plaintiff to be locked down for 30 days, based on violating a restraining order, in which this evidence was illegally obtained by the attorney phone call recorded without consent;

56. Shasta County District Attorney Gerald Benito and Deputy District Attorney Eric Anderson assured the Public Defender and Plaintiff's other criminal attorney that his attorney phone calls were not being recorded;

57- On or about April of 2008 Deputy District Attorney Eric Anderson listened to Plaintiff's recorded phone call to his attorney without his or his attorney's consent, further the Deputy D/A and D/A Gerald Benito endorsed and authorized the Jail to secretly record Plaintiff's attorney calls;

58- On or about April of 2008 Deputy District Attorney Eric Anderson filed numerous criminal charges as a result of the evidence obtained from the attorney client privilaged phone call;

59- On or about April of 2008 Plaintiff attempted to lodge citizens complaints against Cpt. Vanbuskirk, Ct. Ashman, Sgt. Meek, Mitchell and C/o Penland, C/o Heyde and Deputy Zarfall as well as Deputy Joiner for illegally listening to Privilaged attorney client recording of Plaintiff and his attorney. The Sheriff denied Plaintiff's request to lodge a complaint

60. On or about May 10, 2008 Deputy ~~[illegible]~~ Zarfall stated to Plaintiff in the Jail's medical Pod "Its a Conspiracy

Jayne, its a conspiracy, your going to get shipped to High Desert State Prison This week and get stabbed"

61. on or about May 14, 2008 Lt. Ashmun instructed Sgt. Marlar to write Plaintiff up for a administrative rule violation for alledgedly trying to lodge a false claim complaint against Deputy Tufall "for the above conduct;

62. on or about May 20, 2008 Plaintiff was transferred to High Desert state Prison Ad-seg unit from The Shasta co Jail while his criminal action is still pending, denying his access to his attorney, and the Courts;

63. on or about May 20, 2008 Lt. Ashmun stated That Plaintiff is not going to have no contact with his lawyers and That he will not be transported to his upcoming T.R.O hearing against Parole Agent Abney on May 27, 2008 in which Plaintiff did miss The court date;

64. Deputy Attorney General April Carthing had Plaintiff served with a response to request for T.R.O against Defendant Abney 3-days before The hearing, denying Plaintiff his access to respond or access to write to The court regarding Randy Abney;

65- on or about march 2007 Through may of 2008 Shonda Kossler, Bonnie Jennings and cory Jennings all lied to Police officers, Parole Agents, and to The Courts to get Plaintiff convicted, in which it is proven They have lied;

66. From sept 07 Through may 2008 sheriff Tom Bosenko ordered the Jails Kitchen to serve less Than 1200 calorie

diet a day. to the Plaintiff. All inmates at the jail are served with this same diet. The Plaintiff lost over 15 pounds due to malnutrition. Lt. Ashmun ordered to serve Plaintiff 1 egg, half cup of oatmeal, 3 spoonsful of potatos an 1 milk with orange for breakfast. 1 sandwich, 1 milk for lunch. And a calorie deficent dinner. Plaintiff filed complaint to the sheriff, he failed to respond, saying Plaintiff did not lose any weight. And claimed the jail is serving a 2000 calorie diet. the Plaintiff was served half of what the California Dept of corrections feeds there inmates;

67. From sept 2007 through may of 2008 Lt. Ashmun and cpt. Van buskirk subjected Plaintiff to be housed in a cell with little to no ventilation, no Daylight sunlight coming in, the windows are all covered at the jail and Plaintiff complained about this to the Lt. Ashmun, she said she did not care;

68. From oct of 2007 through may of 2008 C/o miller, Deputy Zufall and Lt. Ashmun refused to regularly afford Plaintiff his right to excerise outside on the rec-yard. He speafically requested to Deputy Zufall and C/o miller several times twice a-week, they refused to allow him to recreate;

69. From oct of 2007 through may of 2008 Lt. Ashmun refused to allow Plaintiff out of his Ad-seg cell to call his attorney. saying "you have to call during your 30 minutes time out." Plaintiff missed several oppurtunities to confer with counsel based on this;

70. On or about January 15, 2008 C/o miller forced Plaintiff to hang up the phone on his attorney saying his "30 minutes is up outside of his cell, he further said he would taze Plaintiff if he did not look down and hang up the phone;

71. from January of 2008 through may of 2008, Plaintiff put in several medical request slips to the Jail, Ct. Ashmun and sheriff Bosenko regarding a back injury. The medical staff did not see the Plaintiff until after 3 weeks of enduring pain;

72. from January of 2008 through may of 2008 Deputy Zufall and C/o Walker replaced Plaintiffs Jail mattress with a half inch thin mattress with little to no padding that resulted in Plaintiffs back injury becoming worse;

73. Plaintiff wrote a letter to sheriff Bosenko and stated he is in pain and he does not have adequate bedding, padding, the sheriff did not do anything about it or order the Jail staff to replace or order him another mattress;

74. on April of 2008 C/o Miller used excessive use of force, twisted Plaintiffs hand, took his soft shoes from him and left him without shoes for 1 week, he further forced Plaintiff into a Isolation cell for 4 hours for calling him a child molestor;

75. Plaintiff wrote to Ct. Ashmun and filed a complaint, the request for complaint was denied based on C/o Millers actions, he further told Ct. Ashmun he has a medical condition for his feet and she said she doesn't care;

76. on or about April through may of 2008 Ct. Ashmun refused to give medical treatment to the Plaintiff and have him seen by medical staff, he put in several request forms and they would not see him for his back injury and shoes taking as well as requesting another mattress;

77. from Sept 2007 through may of 2008 the shasta county sheriff refused to provide professional mental health care to the Plaintiff during his housing in Ad-seg, he put in several request and was only seen twice by a unqualified social worker;

78. On or about [illegible] February of 2008 Plaintiff sent a complaint to Director of F.B.I regarding the Sacramento special agent in charge "John Doe" refuses to protect his family and himself, including stopping civil rights violations at the Shasta County Jail and by Parole Agent Randy Abney;

79. On or about march 2008 Plaintiff's wife filed for divorce based on the Jail refuses to give visits and allow Plaintiff to visit with his child;

First Claim for Relief

Defendants violated Plaintiffs right to confidential communication with his Attorney and Denied Plaintiff effective assistance of counsel as well as violate Plaintiffs right to fair trial and Access to his counsel And the Courts with deliberate Indifference in violation of 4th, 5th, 6th, 8th and 14th Amendments of U.S Constitution

80. Shasta County sheriff Tom Bosenko, cpt. vanbuskirk, Lt. sheila Ashmun and District Attorney Jerry Benito and Deputy District Attorney Eric Anderson all ordered that Plaintiffs phone calls with his attorneys be secretly recorded. Plaintiff engaged in long stratigic Defense conversations relating to his criminal case still pending. in which these individuals are in possesion of the recorded conversations without the consent of him or his Defense attorney;

81. C/O Penland, C/O Heyde, Deputy Zufall, sgt. mitchell, Deputy davies, Parole Agent Randy Abney, Lt. Ashmun, sgt. meek all listened to the illegal recorded conversations with Plaintiff and his Defense counsel and then reported portions of conversation to Deputy District Attorney Eric Anderson who then also listened to the illegal recording violating California Penal Code 636(a) felony;

82. Deputy District Attorney Eric Anderson filed criminal charges

against the Plaintiff based on evidence obtained from listening to illegally recorded attorney phone calls in April of 2008;

83. on April to may of 2008 Plaintiff wrote to sheriff Bosenko requesting to file a complaint, he referred it to cpt. vanbuskirk who denied to let Plaintiff file a complaint and said all conversations are recorded on the Jail phone;

84. Consent is not given to the sheriff or any Deputy to record on the phone;

85. Deputy zurfall told Plaintiff on may 10, 2008 That he was going to be transferred to High Desert state Prison and be stabbed he also said That he no longer can have access with his attorney nor attend a T.R.O hearing against Parole Agent Abrey;

86. Plaintiffs right to a fair trial in his criminal case cannot be reached his Due process rights have been infringed, Deputy Attorney General April Gaithing and Parole Agent Randy Abrey as well as sheriff Bosenko transferred Plaintiff to High Desert state Prison to Deny his access to his attorneys and The court, in which he missed a hearing on may 27, 2008;

87. Sheriff Bosenko, Lt. Ashmun, cpt. vanbuskirk, Attorney General Gaithing, District Attorney Benito and Deputy District Attorney Anderson all retaliated against Plaintiff for a motion to Dismiss his criminal charges filed by his counsel and request for criminal charges be brought against the sheriff and District Attorney. They acted in concert by shipping him to High Desert state Prison 3 hours away from his lawyers, when he has pending court dates and Jury trial scheduled in August;

88. Lt. Ashmun denied Plaintiff from oct of 2007 to may of 2007 access to call his attorney as a Pretrial detainee numerous times;

SECOND CLAIM FOR RELIEF

PLAINTIFF SUFFERED CRUEL AND UNUSUAL PUNISHMENT CONDITIONS WHILE HOUSED IN THE SHASTA COUNTY JAIL INCLUDING DEFENDANTS DENYING PLAINTIFF MEDICAL CARE AND DENIED VISITATION with family in violation of The 8th Amendment of The U.S constitution

89 - Plaintiff lost 15 pounds due to a low calorie diet served at the shasta co Jail, sheriff Bosenko and Lt. Ashmun both were told about it failed to change it and fix it;

90. Plaintiff was deprived of proper fresh air in The shasta co Jail from sept of 2007 Through may of 2008 and sunlight in which The windows are completely covered, The plaintiff suffered emotional & psychological distress from This and it affected his respitory system causing headaches in which medical refused to see him on several occasions, he told Lt. Ashmun, sheriff Bosenko, Deputy Zufall, C/o walker about This. They both denied This and said The air is circulated from each pod;

91. Plaintiff was completely deprived of visitation rights from october of 2007 Through may of 2008 with his family based on The Jail imposing permanent sanctions of suspending his visitation Behind Glass, CDCR does not restrict visitation based on simple disciplinary violations. This caused Plaintiff serious emotional and psychological problems, his wife who divorced him over This and They did not afford due process to his wife or proper Due process to deny such a right to Plaintiff. They only had C/o's with little to no training impose sanctions and Lt. Ashmun approved it;

92 - from Jan of 2008 to may of 2008 Plaintiff suffered extreme pain due to a 1/2 inch Thick mattress with little

to no padding. This caused a back injury, Plaintiff wrote to sheriff Bosento, Lt. Ashmun and cpt. van Bus kirk They did nothing about it - 3 weeks went by until Plaintiff was finally given Ibuprofen and muscle relaxers;

93. He was taking off The muscle relaxers 5 days later, suffered more pain for 3 weeks, still was forced to sleep on Thin mattress by Deputy Zufall & c/o walker, when he wrote The sheriff he did not respond on April through may of 2008;

94. From oct of 2008 to may of 2008 Lt. Ashmun, Deputy Zufall, c/o walker, cpt van Bus kirk all refused to let plaintiff have outside recreation time to exercise and get fresh air on over 40 times;

95. The sheriff acted with callous and direct disregard to Plaintiffs constitutional rights to be free from cruel and usual punishment, he is responsible for The actions of his employees and directly responsible when Plaintiff contacted him and he failed to fix and afford Plaintiff his civil rights throughout sept of 2007 through may of 2008;

96. Sheriff tom Bosento failed to provide adequate mental Health professionals to Plaintiff ie; psychologist ect a social worker not qualified to conduct psychiatric treatment only saw Plaintiff no more Than 3 times, several request to Lt. Ashmun and medical staff were ignored for mental health care. The Plaintiff suffered & continues to suffer emotional distress. The sheriff is responsible for This;

97. c/o miller used excessive force on plaintiff twice kicking out his feet and twisting his arm and Then forcing Plaintiff in a safety cell / Isolation cell as a form of punishment on several occasions from dec of 2007 through may of 2008;

98. From oct of 2007 through may of 2008 Plaintiff was forced into a safety cell/Isolation cell at the Shasta co Jail by Lt. Ashmun, sgt. meek, Deputy Joiner, sgt. mitchell, c/o miller, Deputy Zufall, c/o walker upwards to 25 times with no shoes, no socks, no mattress, no ventilation, 3 times with no water for upwards to 12-14 Hours at a time for punishment for disrespect, or yelling when he was already in a secured Ad-seg cel not posing a risk to institution security;

99. Sheriff Tom Bosento and Lt. Ashmun and Parole Agent Randy Abney with Attorney General Deputy acted together in endangering Plaintiff by transferring him to High Desert state Prison where there is a Quarantine due to various illnesses also knowing This would prevent Plaintiff from being transferred back to shasta co Jail;

THIRD CLAIM FOR RELIEF

DEFENDANTS JOHN DOE AN JOHN DOE 2 FAILED TO PROTECT PLAINTIFF AND HIS FAMILY FROM HARM AND D.O.J AGENT JEFF SMITH AND JOHN THULIN VIOLATED PLAINTIFF'S DUE PROCESS RIGHTS AND RIGHT TO HAVE PERSONAL SAFETY

100. Plaintiff wrote to John Doe of The Sacramento F.B.I office special Agent in charge about his wife being in imminate danger from outlaw bikers, he also wrote to John Doe 2 of The Dublin BATF office who also failed to act and protect Plaintiff's wife and family including stopping parole agent Randy Abney from harassing, conspiring against, writing false Police reports and forcing Plaintiff's wife to speak to him.

101. Randy Abney CDCR Parole Agent contacted

Canadian Hells Angels on or about April of 2008 endangering Plaintiff and his wife by telling them, Plaintiff is a Rat, cooperating against bikers ect;

102. California B.N.E D.O.J Agent Jeff Smith and John Rulin spoke to Plaintiff outside the presence of his attorney without reading his miranda rights, they did not get permission to speak to Plaintiff from his assigned attorney Amy Babbits and further disclosed to Parole Agent Randy Abney facts relating on Dec-20-2007. It is believed that these Agents also disclosed sensitive information to outlaw biker Gang member Kittrell wyrick and acted in a conspiracy with Lt. Ashmun, Deputy DA Eric Anderson, Sheriff Bosenko, Parole Agent Randy Abney to endanger Plaintiff and his family;

103. California Dept of Corr Internal Affairs and Office of Inspector General were both contacted by Plaintiff regarding criminal conduct by Randy Abney CDCR Parole Agent and his continued harassment and him endangering Plaintiff's life and retaliation of illegal listening of recorded calls. Both these agencies are responsible for stopping this conduct and acted with deliberate indifference;

104. The Plaintiff suffers emotional, psychological and physical distress from this as he is still being retaliated against, his family is in current danger. These Defendants are the agencies for investigating such and are failing to investigate; protect depriving Plaintiff of his 8th 4th 5th 6th 14th Amendment rights;

FOURTH CLAIM FOR RELIEF

SHANDA LYN KESSLER, BONNIE JENNINGS, CORY JENNINGS ACTED IN A CONSPIRACY TO LIE AND FABRICATE STATEMENTS TO POLICE OFFICERS AND PAROLE AGENTS IN WHICH RESULTED IN FALSE CHARGES BEING FILED AND THEN DISMISSED AND ALSO ACTED IN A CONSPIRACY WITH PAROLE AGENT RANDY ABNEY TO HARM PLAINTIFF VIOLATING PLAINTIFFS 4th 5th 6th 8th and 14th Amendment Rights to be free from being endangered and to have False statments and charges put on Plaintiff

105. Shanda Kessler, Bonnie ~~[illegible]~~ Jennings and ~~[illegible]~~ cory Jennings all lied to Police officers regarding Plaintiff allegedly doing criminal acts. The statements were proven in court to be untrue & charges were dismissed or not filed. Further These Defendants acted in concert with Randy Abney, mongol outlaw biker Kittrell wyrick to Kill Plaintiff on march 20, 2008. by producing false evidence to Parole Agent Randy Abney. Then outlaw biker Kittrell wyrick name was used in his report, This enraged The outlaw biker as he did not make statements to The Parole Agent and prompted him to take a murder contract out on Plaintiff, since he was labled a Rat by The Parole Agent in The name of The Plaintiff.

Prayer for Relief

1) Preliminary Injunctive Relief; Dismissal of all criminal charges; John Doe 1 & 2 be ordered to protect Plaintiff & his wife from murder; Sheriff Tom Bosenko feed a 2000 calorie diet to Plaintiff and appoint a court reciever to monitor The Jail's Conditions; to take off all window coverings at The Jail; to allow Plantiff out of his cell 1 hour a day; allow Plaintiff visitation rights at The Jail; Imediate stopping of Recording all attorney Calls and Restructure

Jail's phone system; provide adequate mental health care to Plaintiff; order CDCR Parole Agent to stop Harassing Plaintiff re: Parole Agent Randy Abney; Immediate transfer back to Shasta county Jail so Plaintiff Can have access with counsel; Any other Injunctive relief the court deems proper;

2) Punitive Damages; 5,000,000.00 according to Proof.

3) Compensatory Damages; 2,500,000.00 according to proof.

4) Declaratory Relief; 2,500,000.00 according to proof.

5) Appointment of counsel since Plaintiff's access to The courts is infringed and appointed attorney's fees;

6) Any other relief the court deems proper;

7) Demand for Jury Trial;

8) Plaintiff has exhausted all administrative remedies;

Dated: May 28, 2008

[signature]
Michael Jayne
Respectfully Submitted

I declare under penalty of perjury under The laws of The state of California That The foregoing is true and correct.

Dated May 28, 2008

[signature]
Michael Jayne
In Pro Per
Plaintiff

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 8-72)

# Exhibit A

# SHASTA COUNTY SHERIFF'S OFFICE INTERDEPARTMENTAL MEMORANDUM

**Tom Bosenko**
**Sheriff-Coroner**

TO: Capt. Don Van Buskirk

FROM: Tom Bosenko

DATE: May 14, 2008

RE: ( ) Inmate Request
( ) Medical Request
(X) Other: Inmate Complaint (Michael Jayne letter dated 5/11/08)

This matter is referred to the Custody Division staff for:

(X) Review and recommendation

( ) Action

( ) Other:

TMB:bw
C: Inmate Michael Jayne ✓

STATE OF CALIFORNIA DEPARTMENT OF CORRECTIONS

**ADMINISTRATIVE SEGREGATION UNIT PLACEMENT NOTICE**

**CDC 114-D (Rev 10/98)**

DISTRIBUTION
WHITE- CENTRAL FILE CANARY- WARDEN
BLUE- INMATE (2ND COPY) PINK- HEALTH CARE MGR
GREEN- ASU GOLDENROD-INMATE(1ST)

| INMATES NAME | INMATES NUMBER |
|---|---|
| **JAYNE, MICHAEL** | **T-22594** |

**REASON (S) FOR PLACEMENT ( PART A )**

- [ ] PRESENTS AN IMMEDIATE THREAT TO THE SAFETY OF SELF OR OTHERS
- [ ] JEOPARDIZES INTEGRITY OF INVESTIGATION OF ALLEGED SERIOUS MISCONDUCT OR CRIMINAL CONDUCT
- [X] ENDANGERS INSTITUTION SECURITY
- [ ] UPON RELEASE FROM SEGREGATION NO BED AVAILABLE IN GENERAL POPULATION

DESCRIPTION OR CIRCUMSTANCES WHICH SUPPORT REASON (S) FOR PLACEMENT:

On Tuesday, May 20, 2008, you are being placed into Administrative Segregation Unit (ASU) due to your arriving back at HDSP from Shasta County (Out-to-Court) as a Reception Center Inmate previously housed in ASU. You were housed in ASU at HDSP due to your relationship with an employee at this institution. Due to the aforementioned, you are deemed a threat to the safety and security of this institution. You will remain in Administrative Segregation pending administrative review for your program/housing needs. This placement may affect your custody level, credit earning, privilege group, and visiting status.

Inmate Jayne is NOT A participant in the Mental Health Delivery System .His TABE score is unknown at this time.

- [ ] CONTINUED ON ATTACHED PAGE ( CHECK IF ADDITIONAL)
- [ ] IF CONFIDENTIAL INFORMATION USED, DATE OF DISCLOSURE: / /

| DATE OF ASU PLACEMENT | SEGREGATION AUTHORITY'S PRINTED NAME | SIGNATURE | TITLE |
|---|---|---|---|
| **MAY 20,2008** | **S. Cagle** | [signature] | **Lieutenant** |

| DATE NOTICE SERVED | TIME SERVED | PRINTED NAME OF STAFF SERVING ASU PLACEMENT NOTICE | SIGNATURE | STAFF'S TITLE |
|---|---|---|---|---|
| 5/20/08 | 1015 | V Arredondo | [signature] | C/O |

- [ ] INMATE REFUSED TO SIGN

| INMATE SIGNATURE | CDC NUMBER |
|---|---|
| [signature] | T22594 |

**ADMINISTRATIVE REVIEW (*PART B*)**

**THE FOLLOWING IS TO BE COMPLETED DURING THE INITIAL REVIEW BY CAPTAIN OR HIGHER BY THE FIRST WORKING DAY FOLLOWING PLACEMENT**

**STAFF ASSISTANT (SA)** | **INVESTIGATIVE EMPLOYEE (IE)**

| STAFF ASSISTANT'S NAME | TITLE | INVESTIGATIVE EMPLOYEE'S NAME | TITLE |
|---|---|---|---|
| | | | |

**IS THIS INMATE:**

| | | |
|---|---|---|
| LITERATE? | [ ] YES | [ ] NO |
| FLUENT IN ENGLISH? | [ ] YES | [ ] NO |
| ABLE TO COMPREHEND ISSUES? | [ ] YES | [ ] NO |
| FREE OF MENTAL HEALTH SERVICES DELIVERY SYSTEM NEEDS? | [ ] YES | [ ] NO |
| DECLINES FIRST STAFF ASSISTANT ASSIGNED? | [ ] YES | |

- [ ] NOT ASSIGNED — Any "NO" requires SA assignment

| | | |
|---|---|---|
| EVIDENCE COLLECTED BY IE UNNECESSARY | [ ] YES | [ ] NO |
| DECLINED ANY INVESTIGATIVE EMPLOYEE | [ ] YES | [ ] NO |
| ASU PLACEMENT IS FOR DISCIPLINARY REASONS | [ ] YES | [ ] NO |
| DECLINED 1ST INVESTIGATIVE ASSIGNED | [ ] YES | |

- [ ] NOT ASSIGNED — Any "NO" requires IE assignment

**INMATE WAVERS**

- [ ] INMATE WAIVES OR DECLINES INTERVIEW WITH ADMINISTRATIVE REVIEWER
- [ ] INMATE WAIVES RIGHT TO 72 HOURS PREPARATION TIME
- [ ] NO WITNESSES REQUESTED BY INMATE

| INMATE SIGNATURE | DATE |
|---|---|
| | |

**WITNESSES REQUESTED FOR HEARING**

| WITNESS NAME | TITLE/CDC NUMBER | WITNESS NAME | TITLE/ CDC NUMBER |
|---|---|---|---|
| | | | |
| WITNESS NAME | TITLE/CDC NUMBER | WITNESS NAME | TITLE/CDC NUMBER |
| | | | |

**DECISION:** [ ] RELEASE TO UNIT/FACILITY ______ [ ] RETAIN PENDING ICC REVIEW [ ] DOUBLE CELL [ ] SINGLE CELL PENDING ICC

REASON FOR DECISION

| ADMINISTRATORS REVIEWERS PRINTED NAME | TITLE | DATE OF REVIEW | TIME | ADMINISTRATORS REVIEWERS SIGNATURE |
|---|---|---|---|---|
| | | | | |

| CORRECTIONAL ADMINISTRATORS PRINTED NAME ( IF NECESSARY) | CORRECTIONAL ADMINISTRATORS SIGNATURE ( IF NECESSARY) | DATE OF REVIEW |
|---|---|---|
| | | |

**See Chronological Classification Review Document ( CDC-128-G ) for specific hearing information**

## DECLARATION OF PERSONAL SERVICE

**Case Name:** ***Jayne v. Abney***
**Case No.:** **162950**

I declare:

I am employed at High Desert State Prison. I am 18 years of age or older and not a party to this matter; my business address is 475-750 Rice Canyon Road, Susanville, CA 96130.

On **May 23, 2008,** I served the attached **Answer to Request for Orders to Stop Harassment** by personally delivering a true copy thereof to the following person at the address as follows:

Michael Jayne - T-22594
High Desert State Prison
P.O. Box 3030
Susanville, CA 96127

*In Pro Per*

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **May 23, 2008,** at Susanville, California.

J.L. BISHOP, LIEUTENANT
Declarant

Signature

30467160.wpd

**ROSEN, BIEN & GALVAN, LLP**
ATTORNEYS AT LAW
POST OFFICE BOX 390
SAN FRANCISCO, CALIFORNIA 94104

May 9, 2008

**CONFIDENTIAL LEGAL MAIL**

Michael Jayne, booking # 2007-0009953
Shasta County Jail
1655 West Street
Redding, CA 96001

Re: *Valdivia v. Schwarzenegger*
Our File No. 720-1

Dear Mr. Jayne:

I am writing in response to your letter dated April 29, 2008, which we received on May 5, 2008. I am also writing to follow up on our previous contact with you.

When I received your letter, I was concerned to read that you have been at Shasta County Jail for ten months without mental health counseling or medication. I contacted the Board of Parole Hearings representative that monitors Shasta County Jail. The mental health staff at Shasta County Jail reports that you are housed in the medical wing of the jail and have access to mental health care. They state that you were seen by a psychiatric technician on March 19, 2008, and that they have not received a written request for treatment from you. We advise that you submit a written request for an appointment with the clinician. Please let us know if you do not receive a response, and send us a copy of your request. Please write back using the enclosed stamped envelope, and let us know if you have been seen by mental health staff.

In response to your previous letter, we contacted the Board of Parole Hearings about your parole revocation case on April 23, 2008. This is what we said:

> Michael Jayne, T-22594, Shasta County Jail: Mr. Jayne has been in custody since 7/5/07. He signed an optional waiver, which he attempted to activate by sending in his OW postcard the last week of January 2008. He believes the activation request was entered into the system on 2/22/08. As of our last contact, he had not yet been scheduled for a parole revocation hearing. Please schedule Mr. Jayne for his parole revocation hearing, inform us of his status, and produce his RSTS CSR and 1103.

On May 2, 2008, the BPH responded and said:

> Mr. Jayne (T22594) was scheduled for a PCH on 2/28/08 and a Revocation Hearing was scheduled for 4/2/08. Mr. Jayne signed a time waiver on 3/24/08. The Revocation Hearing on 4/2/08 was postponed on a timeliness waiver for 90 days and the 1103 notes "attorney waived the hearing for 90 days court is pending."

If you believe that this is not correct, or you were not aware of this timeliness waiver, you may wish to contact your CalPAP attorney to clarify your situation. I have enclosed a stamped envelope so that you may more easily contact your CalPAP attorney.

If your attorney did, in fact, authorize a 90-day timeliness waiver on April 2, 2008, then the due date for your parole revocation hearing would be July 1, 2008. Please let us know if you have not been scheduled for your hearing by that date.

Thank you for providing us with information about your revocation case. This is valuable information as we continue to work on remedies for all California parolees under the *Valdivia* Injunction.

Thank you for writing to our office.

Sincerely yours,

ROSEN, BIEN & GALVAN, LLP

By: Maya Weltman-Fahs
Paralegal

SH:mwf
Encl: stamped envelope (blank), SASE

# SHASTA COUNTY DETENTION FACILITY

( ) INMATE REQUEST FOR INFORMATION ( X ) MEDICAL REQUEST

To: Health Care Manager From: Jayne

Booking #: 478063 Booking Date: 11sep707

Date: 5/13/08 Housing Assignment: Med B/C 9

Check One: ( X ) Request ( ) Grievance ( ) Appeal ( ) Other

Request: I have been in Shasta co Jail now for well over 9 months. I have only seen Mary Barnes 3 times over this course. I continue to be denied mental health services & counseling as well as medication. The Shasta co Jail has put me on indefinite lockdown keeping me lockdown 24/7 with exception to 30 min every other day with little regard to my mental state. why is this

Date Rec'd: 5-14-08 Time: 0205 HRS Rec'd By: [illegible]

Routed To: M. )

Medical Unit - Disposition:

CHARGE VISIT TO COMMISSARY YES ( ) NO ( )

____ Scheduled for ____ Clinic ____ Already Scheduled (prev. req.)

____ Scheduled for Next Sick Call ____ Other ____

Nurse Receiving Request: Date ____ Time ____

Signature: ____

ANSWER: ( ) APPROVED ( ) DENIED (state reason)

By: ____ Date: / /

# SHASTA COUNTY DETENTION FACILITY

( ) INMATE REQUEST FOR INFORMATION ( ) MEDICAL REQUEST

To: [illegible] Manager From: [illegible]

Booking #: [illegible] Booking Date: 11 Sep 07

Date: [illegible] Housing Assignment: [illegible]

Check One: ( ) Request (X) Grievance ( ) Approval ( ) Other

Request: [illegible] phone calls are being recorded [illegible] is [illegible] And [illegible] Additionally [illegible] to program There phone systems [illegible] (H Ashman [illegible] is keyed [illegible] Authority to [illegible] my Attorney calls to be Recorded & monitored [illegible] provided [illegible] of Those [illegible] calls [illegible] to [illegible]?

Date Rec'd: [illegible] Time: [illegible] Rec'd By: [illegible]

Routed To: [illegible] / Watch Commander [illegible]

Medical Unit – Disposition:

CHARGE VISIT TO COMMISSARY YES ( ) NO ( )

______ Scheduled for __________ Clinic ______ Already Scheduled (Prev. req.)

______ Scheduled for Next Sick Call ______ Other __________

Nurse Receiving Request: Date __________ Time __________

Signature: __________

ANSWER: ( ) APPROVED ( ) DENIED (state reason)

By: __________ Date: / /

White: Booking/Medical Yellow: Reply to Inmate Pink: Kept by Inmate (Request Form) 5/97

Citizen Complaint Brian M. Walker



# SHASTA COUNTY DETENTION FACILITY

( ) INMATE REQUEST FOR INFORMATION ( ) MEDICAL REQUEST

To: Watch Commander From: Jayne

Booking #: 478063 Booking Date: 11 Sept 07

Date: 5/11/08 Housing Assignment: med B/C 9

Check One: ( ) Request ( ) Grievance ( ) Appeal (X) Other Citizen Complaint

Request: Approx 2 weeks ago upon coming back to my cell from Ad seg rec-yard. C/o walker forced me to strip naked in front of the camera in med Pod while C/o creager was seated at the med Pod control desk screen. Further (?) C/o walker forced me to squat and cough in a sexual/degrading manner & then told me I'm going to book you in court. He has done such 2 times already & further is engaged in a relationship with my wife. That started while she was coming to see me. He needs to be terminated.

Date Rec'd: 5-12-08 Time: 0205 HRS Rec'd By: PRUMER

Routed To: S 518 MED

Medical Unit - Disposition:
CHARGE VISIT TO COMMISSARY YES ( ) NO ( )

_____ Scheduled for ____________ Clinic _____ Already Scheduled (prev. req.)

_____ Scheduled for Next Sick Call _____ Other ____________

Nurse Receiving Request: Date ____________ Time ____________

Signature: ____________

ANSWER: ( ) APPROVED ( ) DENIED (state reason)

By: ____________ Date: / /

White: Booking/Medical Yellow: Reply to Inmate Pink: Kept by Inmate (request.fm) 5/97

SCMJ - 0002

# SHASTA COUNTY DETENTION FACILITY

( ) INMATE REQUEST FOR INFORMATION ( ) MEDICAL REQUEST

To: [illegible] From: [illegible]

Booking #: [illegible] Booking Date: [illegible]

Date: [illegible] Housing Assignment: [illegible]

Check One: ( ) Request ( ) Grievance ( ) Approval (✓) Other

Request: [illegible]

Date Rec'd: ______ Time: ______ Rec'd By: ______

Routed To: ______

Medical Unit – Disposition:
CHARGE VISIT TO COMMISSARY YES ( ) NO ( )

______ Scheduled for ______ Clinic ______ Already Scheduled (Prev. req.)

______ Scheduled for Next Sick Call ______ Other ______

Nurse Receiving Request: Date ______ Time ______

Signature: ______

ANSWER; ( ) APPROVED (X) DENIED (state reason)

[illegible]

By: [illegible] Date: [illegible]

White: Booking/Medical Yellow: Reply to Inmate Pink: Kept by Inmate (Request Form) 5/97

# SHASTA COUNTY DETENTION FACILITY

( ) INMATE REQUEST FOR INFORMATION ( ) MEDICAL REQUEST

To: [illegible] From: [illegible]

Booking #: [illegible] Booking Date: [illegible] 07

Date: [illegible] Housing Assignment: [illegible]

[illegible] Complaint [illegible]

Check One: ( ) Request (✓) Grievance ( ) Approval (X) Other

Request: [illegible] allotted [illegible] calls. [illegible]

[illegible] CCCR [illegible]. [illegible] unable [illegible]

[illegible] access [illegible]

[illegible] state [illegible]

[illegible] access [illegible]

[illegible]

[illegible]

[illegible]

[illegible]

[illegible]

[illegible]

Date Rec'd: 050908 Time: ______ Rec'd By: 572

Routed To: WATCH COMMANDER

---

Medical Unit – Disposition:

CHARGE VISIT TO COMMISSARY YES ( ) NO ( )

______ Scheduled for ____________ Clinic ______ Already Scheduled (Prev. req.)

______ Scheduled for Next Sick Call ______ Other ____________

Nurse Receiving Request: Date ____________ Time ____________

Signature: ____________

---

ANSWER; ( ) APPROVED ( ) DENIED (state reason)

By: ____________ Date: ___/___/___

White: Booking/Medical Yellow: Reply to Inmate Pink: Kept by Inmate (Request Form) 5/97

(FIRST AMENDED COMPLAINT)

# UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☒)
MICHAEL AARON JAYNE

**DEFENDANTS**
SHASTA COUNTY SHERIFF TOM BOSENKO et al.

**(b)** County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases):

County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only):
SHASTA

**(c)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
T-22594
High Desert State Prison
P.O. Box 3030
Susanville, Ca 96127

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S Government Not a Party)
☐ 2 U S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify): ☐ 6 Multi-District Litigation ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No

☒ **MONEY DEMANDED IN COMPLAINT: $** 10,000,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
42 U.S.C 1983 violations of civil Rights, failing to Protect, illegall Recording of attorney Conferrt...

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS | TORTS | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | PERSONAL INJURY | PERSONAL PROPERTY | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☒ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 340 Marine | BANKRUPTCY | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | FORFEITURE/PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities /Exchange | ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 195 Contract Product Liability | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 630 Liquor Laws | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | | ☐ 445 American with Disabilities - Employment | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | | ☐ 446 American with Disabilities - Other | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | | ☐ 440 Other Civil Rights | | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 240 Torts to Land | | | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 890 Other Statutory Actions | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☐ No ☒ Yes

If yes, list case number(s):

**FOR OFFICE USE ONLY:** Case Number: CIV-S-08-0764 GEB EFB P